```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

WIZ COLLISION, LLC,

            Plaintiff,                    SANCTION ORDER
                                          25-CV-4201(KAM)(JAM)
     - against -

GEICO CORP.,

            Defendant.

------------------------------------X
```

**KIYO A. MATSUMOTO**, *United States District Judge*:

Ms. Megan Muoio, Esq., was retained by Plaintiff Wiz Collision, LLC, to represent it in this case. The Court is in receipt of Ms. Muoio's September 26, 2025 response to this Court's September 23, 2025 Order to Show Cause as to why Ms. Muoio should not be subject to sanctions for her failure to appear at the September 23, 2025 pre-motion conference in this matter, which was scheduled for September 23, 2025 at Ms. Muoio's request, in an amount of fees and costs incurred by Defendant's counsel for counsel's appearance at the conference. For the reasons set forth below, Ms. Muoio is sanctioned in the amount of $300.00, payable to Defendant's counsel to offset expenses that would otherwise be charged to Defendant for Ms. Muoio's failure to appear at the September 23, 2025 pre-motion conference in this matter. Sanctions are against Ms. Muoio as attorney of record, and are not payable

by her client. Accordingly, by October 9, 2025, Ms. Muoio shall file a letter via ECF confirming that she: (1) has paid $300.00 to Defendant's counsel in satisfaction of this Order; (2) has served a copy of this Order and the Court's September 23, 2025 Order to Show Cause on her client; and (3) has not billed her client for her time spent responding to the Court's Order to Show Cause or for payment of the $300.00 sanction imposed on Ms. Muoio.

The Court held a pre-motion conference as to Defendant's anticipated motion to dismiss in this matter on September 23, 2025. The Court had initially scheduled the pre-motion conference for September 19, 2025, but, at Ms. Muoio's request, entered an order on September 4, 2025 adjourning the pre-motion conference to September 23, 2025 at 10:30 a.m. (*See* ECF No. 13 (September 4, 2025 Letter of Ms. Muoio requesting an adjournment to either "September 23 or 24, 2025").) The conference was scheduled to commence at 10:30 a.m. on September 23, 2025, but by 11:05 a.m., Ms. Muoio had not appeared. The Court repeatedly contacted Ms. Muoio's law firm, Allyn & Fortuna LLP, to provide dial-in information for Ms. Muoio to join the conference by telephone, but Ms. Muoio did not join the conference either in person or by telephone. The Court set a briefing schedule for Defendant's motion to dismiss, which is set out in a separate minute entry. (*See* Sep. 23, 2025 Min. Entry.)

Subsequently, at 12:46 p.m. on September 23, 2025, Ms. Muoio filed a letter to the Court apologizing to the Court and opposing counsel for the missed appearance, stating that her failure to appear was due to her "neglect[ing] to calendar the conference in this matter" and that she "unfortunately was in a deposition on another matter at the time." (ECF No. 15 at 1.)

In her September 26, 2025 response to the Court's September 23, 2025 Order to Show Cause, Ms. Muoio apologizes for her missed appearance on September 23, 2025. Ms. Muoio explains that she failed to appear because she "neglected to calendar the conference" and "was engaged in another matter." (ECF No. 16 (Muoio Decl.) ¶ 2.) For the reasons explained below, Ms. Muoio's explanations do not obviate the need for an appropriate sanction to reimburse Defendant's counsel for his attendance at the September 23, 2025 conference.

Ms. Muoio's failure to appear "involve[s] a lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court." *United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000). Thus, the Court may impose sanctions absent a finding of bad faith, "given the court's inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases,'" as well as out of concern for opposing counsel's time, and the expenditure of fees by the client.

3

*Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)) (holding that a specific finding of bad faith is not required when a district court invokes its inherent power to sanction misconduct that is not undertaken for the client's benefit).

Here, the Court finds that Ms. Muoio acted negligently, and failed to perform her responsibility as an officer of the Court, and, therefore, sanctions are warranted. Ms. Muoio specifically requested that the pre-motion conference be scheduled for September 23, 2025, and the Court accommodated her request by rescheduling the conference to that date. Ms. Muoio then "neglected to calendar" the conference for the date that she requested, which resulted in her failure to appear at the conference. (ECF No. 116 (Muoio Decl.) ¶ 2.) Ms. Muoio acknowledges that her conduct amounted to an "oversight" for which she alone is responsible. (*Id.*) As a result of Ms. Muoio's oversight, proceedings were delayed while the Court repeatedly attempted to reach Ms. Muoio, Defendant's counsel appeared at his client's expense, and the Court was unable to discuss the substance of the pre-motion conference letters filed by counsel and prepared at the expense of the parties.

The Court does not doubt that it is neither Ms. Muoio's "intention" nor her "practice to miss court appearances or to waste this Court or Defendants' counsel's time," (ECF No. 16 (Muoio

4

Decl.) ¶ 6), but neither her intention nor practice excuse her failure to fulfill her obligations to her client and the Court in this case.

Accordingly, the Court Orders that:

- Ms. Muoio is sanctioned in the amount of $300.00, payable to Defendant's counsel to offset expenses that would otherwise be charged to Defendant for Ms. Muoio's failure to appear at the September 23, 2025 pre-motion conference in this matter. Sanctions are against Ms. Muoio as attorney of record, and are not payable by her client.

- By October 9, 2025, Ms. Muoio shall file a letter via ECF confirming that she: (1) has paid $300.00 to Defendant's counsel in satisfaction of this Order; (2) has served a copy of this Order and the Court's September 23, 2025 Order to Show Cause on her client; and (3) has not billed her client for her time spent responding to the Court's Order to Show Cause or for payment of the $300.00 sanction imposed on Ms. Muoio.

- Finally, the Court strongly urges the parties to make good faith efforts to settle this matter. Counsel for the parties are directed to meet and confer with their respective clients and with each other. Counsel should candidly confer with their clients regarding the costs and risks involved in proceeding with litigation of the action. The parties shall advise the Court via ECF within two business days if they reach a settlement.

**SO ORDERED.**

Dated: September 30, 2025
       Brooklyn, New York

**Hon. Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York