United States District Court
Eastern District of New York

-----------------------------------X

WIZ COLLISION, LLC, on behalf of itself and as assignee of JAWARA SMALL, CHESTER STREET LLC, and AZIZ BROOKS,

*Plaintiff*,

- against -

GEICO CORPORATION,

*Defendant*.

-----------------------------------X

**Order**

No. 25-cv-4201 (KAM)(JAM)

**Kiyo A. Matsumoto, United States District Judge:**

Plaintiff Wiz Collision, LLC, on behalf of itself and as assignee of Jawara Small, Chester Street LLC, and Aziz Brooks ("Wiz Collision"), brings this action against Defendant GEICO Corporation ("GEICO")[1] alleging that GEICO failed to comply with its contractual obligations, failed to negotiate in good faith with Wiz Collision, and engaged in deceptive acts when it allegedly engaged in a pattern of conduct of failing to timely resolve Wiz Collision's customers' automobile insurance claims, thereby harming Wiz Collision's business. GEICO moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Wiz Collision's complaint in its entirety. Upon considering Wiz Collision's complaint and GEICO's

[1] In its memorandum of law in support of its motion to dismiss, GEICO states that Wiz Collision has sued GEICO Indemnity Company but has incorrectly named GEICO as GEICO Corporation. (ECF No. 22-7 at 6.)

fully-briefed motion to dismiss, the Court **GRANTS** GEICO's motion to dismiss.

## BACKGROUND

Wiz Collision is an auto body shop that operates in New York City. (ECF No. 1-1, Complaint ("Compl.") ¶ 2.) Wiz Collision provides its customers with automobile repair services and submits claims to automobile insurance companies after an accident to efficiently pay Wiz Collision for the repairs. (*Id.* ¶ 4.) Wiz Collision alleges that it has handled over 300 claims annually with GEICO, involving hundreds of thousands of dollars of business for Wiz Collision. (*Id.* ¶ 13.)

Wiz Collision alleges that it commenced a prior action against GEICO, on September 20, 2024, on behalf of itself and five customers for claims that GEICO referred to its Special Investigations Unit ("SIU") in late August 2024 and early September 2024. (*Id.* ¶¶ 19-20.) Wiz Collision alleged that, for each claim, GEICO "accepted 100% liability for the damage to the customers' vehicles, approved the amount for the repairs of the vehicles, and, in several cases, issued checks for the repairs before" GEICO referred the claims to the SIU. (*Id.* ¶ 21.) GEICO referred claims to the SIU when it suspected that insurance fraud may be involved, and, by referring a claim to the SIU, GEICO stopped payment on checks that were issued for claims. (*Id.* ¶¶ 22-23.) Wiz Collision alleges that it was informed by GEICO adjusters that a supervisor

flagged the claims submitted by Wiz Collision "without justification" and out of "a feeling of animus toward Plaintiff." (*Id.* ¶ 24.) GEICO referred four additional claims to the SIU, but "[a]fter a several month delay," the SIU concluded its investigation and found no evidence of insurance fraud for any of the nine referred claims. (*Id.* ¶¶ 26-29.)

Wiz Collision alleges that GEICO has repeated this pattern of conduct with three recently submitted claims: 1) the Jawara Small Claim, 2) the Chester Street LLC Claim, and 3) the Aziz Brooks Claim. (Compl. ¶¶ 36-64.) For each claim, a customer brought their vehicle to Wiz Collision after an accident for repair and to have their claim submitted to GEICO to pay for the repair. (*Id.* ¶¶ 37, 46, 55.) In each instance, however, GEICO referred the claim to the SIU after GEICO had approved the claim and Wiz Collision made repairs, stopping payment on the claims. (*Id.* ¶¶ 37-42, 46-51, 55-60.) Wiz Collision alleges that these delays harmed it financially by delaying payment and causing Wiz Collision to incur legal fees to obtain payment. (*Id.* ¶¶ 44-45, 53-54, 62, 64.) Wiz Collision also alleges that the SIU investigations harmed Wiz Collision's reputation among customers who, as a result, may be less willing to return to Wiz Collision for future business or to refer potential customers to Wiz Collision for business. (*Id.* ¶¶ 15-17, 31-35, 44, 54, 64.) Wiz Collision, however, further

alleges that, on or about June 30, 2025, GEICO issued payment for the Aziz Brooks Claim. (*Id.* ¶ 63.)

On July 3, 2025, Wiz Collision commenced this action in Kings County Supreme Court. (Compl. at 2)[2]; *See* NYSCEF, 522136-2025, *Wiz Collision LLC v. GEICO Corporation*. Wiz Collision's complaint alleged seven causes of action: 1) breach of contract under 11 N.Y.C.R.R. § 216(7) for the Jawara Small Claim; 2) breach of contract under 11 N.Y.C.R.R. § 216(7) for the Chester Street LLC Claim; 3) breach of contract under 11 N.Y.C.R.R. § 216(7) for the Aziz Brooks Claim; 4) Breach of the duty of Good Faith and Fair Dealing for the Jawara Small, Chester Street LLC, and Aziz Brooks Claims; 5) Breach of the duty of Good Faith and Fair Dealing as to Plaintiff; 6) Deceptive Acts and Practices under N.Y. G.B.L. § 349; and 7) a permanent injunction. (Compl. ¶¶ 65-122.) Wiz Collision argues that these claims are based on an alleged pattern of conduct by GEICO, not on each of the three individual insurance claims alleged to have been referred to the SIU. (ECF No. 22-13, Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss ("Pl.'s Mem. in Opp.") at 3-4.) On July 29, 2025, GEICO properly removed this action from Kings County Supreme Court to this Court.[3] (ECF No. 1, Notice of Removal.)

[2] Unless otherwise noted, pincites to page numbers refer to the page number generated by CM/ECF.
[3] On August 6, 2025, the Court ordered GEICO to show cause why this action should not be remanded to state court for lack of diversity subject matter jurisdiction, (Dkt. Entry dated 08/06/2025), and, after receiving and reviewing

On September 4, 2025, GEICO filed a pre-motion conference letter in anticipation of filing a motion to dismiss Wiz Collision's complaint. (ECF No. 12, Pre-Motion Conference Letter.) In its response letter, Wiz Collision stated that it would "voluntarily dismiss its Seventh Cause of Action for a permanent injunction." (ECF No. 14, Pre-Motion Conference Response Letter, at 3.) On December 4, 2025, GEICO submitted a fully briefed motion, including Wiz Collision's opposition, to dismiss Wiz Collision's complaint. (ECF No. 22.)

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). When deciding a motion to dismiss, a court must accept the allegations in the complaint as true, but conclusory statements, "threadbare recitals

---

the parties' submissions, the Court found, on August 28, 2025, that GEICO, the removing party, adequately showed why this action should not be remanded for lack of subject matter jurisdiction. (Dkt. Entry dated 08/28/2025.)

of the elements of a cause of action," and legal conclusions will not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555); *Sherman v. Abengoa, S.A.*, 156 F.4th 152, 162 (2d Cir. 2025) (quoting *Iqbal*, 556 U.S. at 678).

Along with the facts stated on the face of the complaint, courts may also consider "documents appended to the complaint or incorporated in the complaint by reference, and…matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)). Moreover, "even if the plaintiff chooses not to attach an instrument to the complaint or to incorporate it by reference, if it is one upon which the plaintiff solely relies and which is integral to the complaint, the court may take the document into consideration in deciding the defendant's motion to dismiss." *Lynch v. City of New York*, 952 F.3d 67, 79 (2d Cir. 2020) (quoting *Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995) (citation modified)).

## DISCUSSION

### I. Standing as to Counts One through Four

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. CONST. art. III, § 2. The Constitution thus requires a plaintiff to have a "personal stake in the dispute" and not be a "mere bystander." *Food and Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367,

379, 144 S.Ct. 1540, 1554, 219 L.Ed.2d 121 (2024). At the pleading stage, the plaintiff bears the burden to "allege facts that affirmatively and plausibly suggest that he has standing to sue." *Knight v. City of New York*, 164 F.4th 173, 177 (2d Cir. 2026)(quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (brackets omitted)). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S.Ct. 2190, 2203, 210 L.Ed.2d 568 (2021) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

An assignee may have Article III standing to bring a lawsuit before a federal court. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 418 (2d Cir. 2015) ("lawsuits by assignees…are 'cases and controversies of the sort traditionally amendable to, and resolved by, the judicial process.'") (quoting *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 285, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008)). The claim's owner, however, "must manifest an intention to make the assignee the owner of the claim," *id.* (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997)), by using language that "manifests the assignor's

intention to transfer at least title or ownership." *Id.* (brackets omitted). The assignment of the rights to sue and collect—essentially assigning power of attorney—alone is insufficient to permit an assignee to sue in its own name. *See e.g., BAT LLC v. TD Bank, N.A.*, No. 15-CV-5839 (NRM) (CLP), 2024 WL 4485397, at *13, *15 (E.D.N.Y. Mar. 30, 2024), *adopted by* 2024 WL 4297648 (E.D.N.Y. Sept. 26, 2024), *aff'd*, 2025 WL 3096808 (2d Cir. Nov. 6, 2025); *compare with Sprint Commc'ns*, 554 U.S. at 272 (holding that an Assignment and Power of Attorney Agreement assigning "all rights, title and interest of the [payphone operator] in the [payphone operator's] claims, demands or causes of action" sufficiently conferred the ability to sue in the assignee's name and assignee had Article III standing). In sum, "an assignee need not possess more than title to a claim to bring suit upon that claim," *Cortlandt*, 790 F.3d at 420, but an assignee may not proceed with less. *Id.*

Here, Wiz Collision attempts to proceed with less. Wiz Collision has submitted separate Repair Authorization and Direction to Pay Agreements for Jawara Small, (ECF No. 22-11, Exhibit C to Wiz Collision's Memorandum of Law in Opposition ("Small Agreement")), and Aziz Brooks (ECF No. 22-12, Exhibit D to Plaintiff's Memorandum of Law in Opposition ("Brooks Agreement").) Neither agreement has been executed sufficiently, but, even if the forms were completed to assign to Wiz Collision any claims that

the customers could have against GEICO, the agreements would be insufficient to confer Article III standing for Wiz Collision to sue in its own name. The agreements only assign "any and all claims, demands, and cause or causes of action of any kind whatsoever which the undersigned has or may have against" an insurer. (Small Agreement; Brooks Agreement.) The language of the agreements is similar to the language used in the *BAT LLC* case, which assigned power of attorney but did not assign title or ownership of the claim to the assignee. *BAT LLC*, 2024 WL 4485397, at *15. Therefore, Wiz Collision does not have standing to bring Counts One through Four against GEICO on behalf of Wiz Collision's customers. GEICO's motion to dismiss is therefore granted for lack of Article III standing as to Counts One, Two, Three, and Four.

## II. As to Count Five: Whether GEICO Breached the Implied Duty of Good Faith and Fair Dealing Owed Directly to Wiz Collision

"[I]mplicit in every contract is a covenant of good faith and fair dealing[.]" *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318, 662 N.E.2d 763, 769 (1995). Contrary to GEICO's argument, (ECF No. 22-7, GEICO's Memorandum of Law in Support of its Motion to Dismiss ("GEICO's Mem. of Law") at 17), New York law recognizes an independent cause of action for breach of the duty of good faith and fair dealing. *Vibes Int'l Inc., SAL v. Iconix Brand Grp., Inc.*, No. 18-CV-11449 (JGK), 2020 WL 3051768, at *6,

n.3 (S.D.N.Y. June 8, 2020) (citing *Elmhurst Dairy, Inc. v. Bartlett Dairy, Inc.*, 97 A.D.3d 781, 784-85 (2d Dep't 2012)). Rather, courts consider such a breach to be a breach of contract, so courts must determine if the breach of good faith and fair dealing claim is based on facts distinct from the facts underlying the breach of contract claim. *See e.g.*, *Zicherman v. State Farm Fire and Cas. Co.*, 698 F. Supp. 3d 564, 568-69 (E.D.N.Y. 2023) (finding that the plaintiff pleaded distinct facts for the breach of the implied duty of good faith and fair dealing.) If the complaint pleads both claims with the same facts, then the breach of good faith and fair dealing claim is duplicative and may be dismissed. *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80-81 (2d Cir. 2002). To plead both, "a plaintiff must thread the needle of alleging an implied duty that is consistent with the express contractual terms, but based on allegations that are distinct from the factual predicate for its contract claims." *WCA Holdings III, LLC v. Panasonic Avionics Corp.*, 704 F. Supp. 3d 473, 499 (S.D.N.Y. 2023) (quoting *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-CV-9116, 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009) (citation modified)).

Wiz Collision's fifth cause of action fails for two reasons. *First*, Wiz Collision's cause of action for breach of the implied duty of good faith and fair dealing is based on the same facts as the three causes of action for breach of contract on behalf of Wiz

Collision's customers. For all four claims, Wiz Collision alleges that GEICO unjustifiably referred each of the three claims to the SIU, causing Wiz Collision's customers to be needlessly deprived of the use of their vehicles and Wiz Collision to lose business and its good reputation among its customers and its community. (Compl. ¶¶ 65-82, 91-104.) Thus, Wiz Collision's claim of breach of the implied duty of good faith and fair dealing may be dismissed as duplicative.

*Second*, Wiz Collision fails to allege that it is in privity of contract with GEICO. Under New York law, a plaintiff must allege four elements to state a breach of contract claim: "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)); *see also 34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52, 198 N.E.3d 1282, 1287 (2022). GEICO disputes that a contract was formed between it and Wiz Collision. (GEICO's Mem. of Law at 17-18; ECF No. 22-14, GEICO's Reply in Further Support of its Motion to Dismiss ("GEICO's Reply") at 10-11.) To form a valid contract under New York law, the plaintiff must demonstrate (1) an offer, (2) acceptance, (3) consideration, (4) mutual assent, and (5) an intent to be bound. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir.

2004); *Kolchins v. Evolution Mkts., Inc.*, 128 A.D.3d 47, 59 (1st Dep't 2015) (citing 22 N.Y. Jur. 2d, Contracts § 9). Wiz Collision fails to allege sufficient facts to establish any contract with, or that Wiz Collision made any offer to, GEICO. Rather, Wiz Collision made a contract with its customers to submit their claims to GEICO on the customers' behalf. (Compl. ¶¶ 37-39, 46-48, 55-57.) Wiz Collision, however, did not have any agreement with GEICO that GEICO would accept and process all claims submitted to it by Wiz Collision. Wiz Collision only alleges in its complaint and argues in its memorandum of law that GEICO has breached its implied duty of good faith and fair dealing as to Wiz Collision because Wiz Collision processes a large number of claims on behalf of GEICO's insureds and because GEICO's conduct constitutes a "scheme to realize gains that [a] contract implicitly denied or to deprive [Plaintiff] of the fruit of its bargain." (Compl. ¶¶ 92-95; Pl.'s Mem. in Opp. at 4-5.)

Wiz Collision misconstrues the law. A party does not simultaneously create and breach a contract by enacting a scheme against a party. Rather, to adequately plead a breach of the duty of good faith and fair dealing, the complaint must (1) plead that the parties formed a contract and (2) allege facts that, after the formation of the contract, a party to the contract exercised a contractual right through a pattern of malicious conduct that realized a gain that the contract implicitly denies, or deprives,

the other party of a benefit of the contract. *See Elmhurst Dairy, Inc.*, 97 A.D.3d at 784–85; *Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, 41 A.D.3d 269, 270 (1st Dep't 2007). Wiz Collision's allegations fall short of that standard because Wiz Collision fails to allege that it ever had a contractual relationship with GEICO and that GEICO engaged in a scheme that took advantage of a contractual right to gain an implicitly impermissible benefit. The Court grants GEICO's motion to dismiss as to Count Five of Wiz Collision's complaint.

## III. As to Count Six: Whether GEICO Engaged in Deceptive Acts or Practices under G.B.L. § 349

G.B.L. § 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law §§ 349; *Lieber v. Igloo Prods Corp.*, 824 F. Supp. 3d 283, 292 (E.D.N.Y. 2026). To state a claim under Section 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct, that is (2) materially misleading, and that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Plavin v. Grp. Health Inc.*, 35 N.Y.3d 1, 10 (2020) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (citation modified)). GEICO argues that Wiz Collision fails to satisfy all three elements. (GEICO Mem. of Law at 19–26.) The Court agrees but only analyzes the first two.

A. **Consumer-Oriented Conduct**

"[S]ection 349 is directed at wrongs against the consuming public[,]" not an individual party. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 24, 647 N.E.2d 741, 744 (1995). To show consumer-oriented conduct, a plaintiff may plausibly allege conduct that "potentially affects similarly situated consumers." *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (quoting *Oswego*, 85 N.Y.2d at 27, 647 N.E.2d 741 (internal brackets omitted)). "The conduct need not be repetitive or recurring but [the] defendant's acts or practices must have a broad impact on consumers at large." *New York Univ.*, 87 N.Y.2d at 320, 662 N.E.2d at 770 (quoting *Oswego*, 85 N.Y.2d at 25, 647 N.E.2d 741). Private contract disputes unique to the parties are not actionable under Section 349. *Id.*; *Wilson*, 625 F.3d at 64–65 (collecting cases).

"Further, an insurance company's actions in settling a claim are not inherently consumer-oriented." *Wilson*, 625 F.3d at 65 (quoting *Greenspan v. Allstate Ins. Co.*, 937 F. Supp. 288, 294 (S.D.N.Y. 1996)). A plaintiff, therefore, "must establish facts showing injury or potential injury to the public[.]" *Id.*; *see also State Farm Mut. Ins. Co. v. Metro Pain Specialists, P.C.*, No. 21-CV-5523 (MKB), 2025 WL 1166982, at *9 (E.D.N.Y. Mar. 26, 2025) ("to successfully state a claim under section 349 the gravamen of the complaint must be consumer injury or harm to the public

interest.”) (quoting *Electra v. 59 Murray Enter., Inc.*, 987 F.3d 233, 258 (2d Cir. 2021)).

Wiz Collision’s complaint falls short of plausibly alleging that GEICO’s conduct was consumer-oriented.[4] Wiz Collision fails to allege facts that establish more than a private dispute between two businesses and that GEICO’s conduct affects consumers directly rather than incidentally. Wiz Collision specifically alleges that GEICO violated Section 349 by referring twelve claims to the SIU without justification and stopping payment on checks that had already been issued on approved claims. (Compl. ¶ 108.) Wiz Collision alleges that GEICO’s conduct was caused by an employee’s “personal vendetta against Plaintiff.” (Compl. ¶ 108.) These allegations are insufficient in three ways.

*First*, Wiz Collision is not a consumer and is not similarly situated to a consumer even when it acts on behalf of its customers. *See State Farm Mut. Auto. Ins. Co. v. Mallela*, 175 F. Supp. 2d 401, 422 (E.D.N.Y. 2001) (finding that counterclaimants who only received an assignment to receive payment from State Farm were not consumers or similarly situated to State Farm’s consumers). Wiz Collision is only providing a service to its

[4] Wiz Collision requests both treble damages and punitive damages as part of its G.B.L. § 349 claim. The New York Court of Appeals, however, has held that only treble damages are permitted under Section 349. *Hobish v. AXA Equitable Life Ins. Co.*, 43 N.Y.3d 442, 455, 264 N.E.3d 223 (2025) (“The issue is squarely presented here, as is the need to resolve it. We do so by holding that punitive damages for section 349(h) claims are limited to the treble damages provided by the statute”); *Id.* at 457 (“We therefore conclude that punitive damages in addition to the treble damages delineated in section 349(h) are unavailable.”).

customers by submitting auto insurance claims on their behalf. Wiz Collision, however, is not in privity with GEICO, much less consuming a good or service from GEICO.

*Second*, GEICO's alleged harmful conduct is not directed towards Wiz Collision's customers and any alleged harm that Wiz Collision's customers experience is incidental to GEICO's conduct. GEICO's decision to refer a claim to the SIU is not directed towards an insured or third-party claimant. It is an additional procedural step in GEICO's processing of a claim. Once the investigation has concluded, then GEICO determines if it will accept or deny the claim, which is an act directed towards an insured or third-party claimant. Wiz Collision's complaint does not allege that GEICO wrongfully denied any of the claims referred to SIU or accepted the claims but reimbursed those claims at an amount below what was required by the insurance policy. *But see Zicherman*, 698 F. Supp. 3d at 569 (where the insurance company delayed processing claims *and* gave a "low-ball offer," forced the insured to start negotiations over, and "reneged on an advance"); *Pandit v. Saxon Mortg. Servs., Inc.*, No. 11-CV-3935 (JS) (GRB), 2012 WL 4174888, at *6 (E.D.N.Y. Sept. 17, 2012) (finding that the allegations that a mortgage servicer routinely asked homeowners to resubmit financial information on pretexual grounds, misled homeowners over the phone, ignored completed modification applications, and refused to permanently modify loans after

homeowners completed the trial payment period sufficed to plausibly plead consumer-oriented conduct).

*Third*, GEICO's conduct is not directed towards the public-at-large. Wiz Collision alleges that it submits over 300 claims to GEICO annually, (Compl. ¶ 13), but, since August 2024, GEICO has referred twelve claims to the SIU. (*Id.* ¶¶ 19–20, 26–27, 37–64.) Wiz Collision does not even allege that similar customers submitting claims through other third parties are experiencing similar issues. Indeed, Wiz Collision's complaint alleges that this is an issue specific only to Wiz Collision because of a GEICO employee's alleged animus towards Wiz Collision. The Court is thus far from persuaded that the alleged conduct affects the public-at-large. *See also Perfect Dental, PLLC v. All State Ins. Co.*, Nos. 04-CV-0586, 04-CV-0588 (DLI), 2006 WL 2552171, at *2–3 (E.D.N.Y. Aug. 31, 2006) (finding the allegation that the defendant insurer denied over 700 claims as part of a "scheme to 'erect improper barriers to repayment'" to be insufficient to satisfy the "consumer-oriented" requirement of Section 349). Count Six of Wiz Collision's complaint is therefore dismissed for failure to meet the first element of a Section 349 claim, but, even if the Court assumed that GEICO's conduct was consumer-oriented, Wiz Collision fails to meet the second element by showing deceptive or materially-misleading practices.

B. **Deceptive or Materially-Misleading Practice**

Under New York law, courts determine if a defendant's actions are materially misleading if those actions "are likely to mislead a reasonable consumer acting reasonably under the circumstances." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Company, Inc.*, 171 N.E.3d 1192, 1198 (2021) (quoting *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344, 725 N.E.2d 598 (1999) (internal quotation marks omitted)). "What is objectively reasonable depends on the facts and context of the alleged misrepresentations and may be determined as a matter of law or fact (as individual cases require)." *Id.* (quoting *Oswego*, 85 N.Y.2d at 26 (1995) (internal quotation marks omitted)).

Here, Wiz Collision fails to allege deceptive or materially misleading conduct. In fact, the complaint alleges that GEICO did exactly what it said. GEICO investigated the claims for fraud and when the SIU determined that fraud was not present, GEICO removed the stop on Wiz Collision's customers' payments and the checks were successfully deposited. (Compl. ¶¶ 28–29, 63.) The Court, therefore, grants GEICO's motion to dismiss as to Count Six of Wiz Collision's complaint.

## IV. DISMISSAL WITH PREJUDICE

Courts are permitted to dismiss a complaint with prejudice "when the flaws in pleading are incurable." *Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 571 (S.D.N.Y. 2024); *Kling v. World*

*Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (quoting *Fort Worth Employers' Ret. Fund v. Biovail Corp.*, 615 F. Supp. 2d 218, 233 (S.D.N.Y. 2009)). Wiz Collision has not requested leave to amend or identified how it can overcome the complaint's deficiencies. Nor could it. Wiz Collision does not have standing to bring claims on behalf of its customers, and it does not have privity with GEICO and thus cannot salvage the claims it brings on its own behalf against GEICO.

**CONCLUSION**

For the foregoing reasons, GEICO's motion to dismiss is **GRANTED**. Counts One, Two, Three, Four, Five, Six, and Seven of Wiz Collision's complaint are dismissed with prejudice. Count Seven is dismissed pursuant to Wiz Collision's previous representation to the Court. (ECF No. 14.) The Clerk of Court is respectfully directed to enter judgment in favor of Defendant GEICO and close this case.

**So ordered.**

Dated: August 28, 2026
Brooklyn, New York

**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York